IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| COMVERGE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) 2:13-cv-00026-RWS |
| ENTEK SYSTEMS, LLC, and | ) |
| ENTEK SYSTEMS, INC. | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF COMVERGE, INC.'S EMERGENCY MOTION TO LIMIT
CLAIM TERMS AND MEMORANDUM OF LAW IN SUPPORT**

Plaintiff Comverge, Inc. ("Comverge"), by and through its undersigned counsel, hereby files this Emergency Motion to Limit Claim Terms and Memorandum of Law in Support (the "Motion"). Comverge moves the Court to limit the number of claim terms for construction to the 22 terms jointly proposed by the parties in the Joint Claim Construction and Pre-Hearing Statement or, in the alternative, to ten terms per patent for a total of 30 terms. Pursuant to Local Rule 7.2(B), Comverge respectfully requests an expedited procedure for this Motion because the parties opening claim construction briefs are due on October 18, 2013. (*See* D.E. 40.) In support of this Motion, Comverge shows the Court the following:

## I.     INTRODUCTION

This is a patent case in which Comverge accuses EnTek Systems, LLC and EnTek Systems, Inc. (collectively "EnTek") of infringing three patents related to energy management based on EnTek's offers to sell at least two switches used to remotely monitor and control electrical devices.

In most instances, the claims of the patents-in-suit use simple, readily-understood terms for which no construction is required. However, the parties agree that certain terms require construction, and have jointly identified 22 terms for construction from the three patents-in-suit. In addition to these 22 jointly-proposed terms, EnTek asks the Court to construe an additional 50 claim terms. Requiring the Court to analyze 72 claim terms from only three patents would be a tremendous waste of the Court's time and resources. Accordingly, Comverge moves to limit the number of terms required for claim construction briefing to a reasonable number of terms, *i.e.*, either the 22 terms jointly proposed by the parties, or a total of 30 terms (10 terms per patent).

## II.    FACTUAL BACKGROUND

### A.    Plaintiff Comverge, Inc.

Comverge is a leader in the energy industry and owns a portfolio of patents in the field of energy management. (*See* http://www.comverge.com/about/,

2

attached hereto as Ex. 1.) For more than 30 years, Comverge has provided energy management solutions that enable utilities, grid operators, and commercial and industrial organizations to optimize their energy usage to reduce costs, meet regulatory requirements, and support sustainability initiatives. (*See id*.) Comverge has deployed more than five and a half million energy management devices, recruited over one million residential customers into mass market demand response programs, and served thousands of commercial and industrial customers. (*See id*.)

    **B.**    **Defendant EnTek**

Like Comverge, EnTek manufactures devices and systems for utility demand response programs and thus competes with Comverge in the energy industry. (*See* D.E. 28 ¶ 1.) EnTek was founded by two former Comverge employees, Glenn Davis and Jean Dillard Davis, in 2009. (*See* ETK_0000195-98, attached hereto as Ex. 2.) Mr. Davis is the inventor of U.S. Patent No. 5,345,225 and a co-inventor of U.S. Patent No. 5,576,700. (*See* D.E. 27 at Exs. A, B.)

    **C.**    **The Patents-in-Suit and Comverge's Infringement Allegations**

The patents asserted in this case – U.S. Patent No. 5,345,225 entitled "Tamper Detection System for Load Management Device" ("the '225 Patent"), U.S. Patent No. 5,576,700 entitled "Apparatus and Method for Controlling an Electrical Load and Monitoring Control Operations and the Electrical Load" ("the

'700 Patent"), and U.S. Patent No. 7,606,639 entitled "Local Power Consumption Load" ("the '639 Patent") (collectively, the "Patents-in-Suit") – are directed at monitoring and controlling electrical loads in electrical load management systems and curtailing energy consumption of appliances. (*See* D.E. 27 ¶¶ 9, 12, 15, 21.) Comverge has accused EnTek of infringing the Patents-in-Suit by manufacturing, using, importing, offering for sale, or selling any switches for electrical load monitoring, control, and management systems, including without limitation EnTek's model MC140RAC switch, EnTek's model FC340 switch, any EnTek switch offered for sale by anyone to Progress Energy, Progress Energy Service Company, LLC, or Progress Energy Florida, Inc., and any other EnTek product having functionality not more than colorably different than those switches.

Comverge has asserted 58 claims from these three patents against EnTek. EnTek has asserted a non-infringement defense, but it has not asserted an invalidity defense. (*See* D.E. 28 at 9.)

### D.     The Claim Construction Process

Pursuant to the Court's April 30, 2013 Scheduling Order, the parties exchanged proposed claim terms for construction on July 29, 2013. (*See* D.E. 13 at 2.)  The parties agreed that 22 claim terms should be construed by the Court because the parties could not agree on the proper construction for those terms.

4

(*See* D.E. 33 at 2.)  In addition to these 22 jointly proposed terms, EnTek proposed 50 more terms for construction.  (*See id.*; *see also* July 29, 2013 Correspondence, attached hereto as Ex. 3.)

On August 19, 2013, the parties exchanged proposed constructions for each term, and on August 29, 2013, the parties held a meet-and-confer to narrow the issues and finalize the preparation of the Joint Claim Construction and Pre-Hearing Statement.  (*See* D.E. 13 at 2; Declaration of Holly Saporito ("Saporito Decl."), filed concurrently herewith, at ¶ 2; P.L.R. 6.2(c).)  During the meet-and-confer, Comverge asked EnTek if it would drop any of the 50 terms that it had unilaterally proposed, but EnTek refused to do so.  (*See* Saporito Decl. at ¶ 3.)  Accordingly, the parties filed their Joint Claim Construction and Pre-Hearing Statement on September 6, 2013, in which a total of 72 terms from three patents are proposed for construction by the Court.  (*See* D.E. 33 at 2.)

On October 1, 2013, Comverge asked EnTek's counsel to extend the deadline for filing opening and responsive claim construction briefs to November 4, 2013 and November 25, 2013, respectively.  (*See* 10/1/13 Email from S. Werner, attached hereto as Ex. 4.)  EnTek refused Comverge's request and instead consented to an eleven day extension of time, through and including October 18,

2013 and November 8, 2013.  (*See* 10/2/13 Email from S. Dorvee, attached hereto as Ex. 5.)

## III. ARGUMENT AND CITATION OF AUTHORITIES

By filing this Motion, Comverge seeks to limit the proposed claim terms for construction by this Court to a reasonable number to make the claim construction process manageable under the Court's schedule.  Specifically, Comverge requests that the Court limit the terms for construction to the 22 terms jointly proposed by both parties or, in the alternative, to ten terms per patent for a total of 30 terms.  As several courts have held, requiring construction of more than 30 terms would be unreasonable and a waste of this Court's and the parties' time and resources.

### A.   This Court Can and Should Limit the Terms for Construction

The Patent Local Rules are silent on the appropriate number of claim terms allowed for construction.  *See* Patent L.R. 6.  However, the Court has discretion to control its own docket and promote the just, efficient, and economical determination of this case.  *See S.E.C. v. CRE Capital Corp.*, Civil Action No. 1:09-cv-0114-RWS, 2009 WL 1151739, at *2 (N.D. Ga. Apr. 27, 2009) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)) (Story, J.); L.R. 1.1(C).  Using this discretion, district courts commonly limit the number of claim terms to be construed when a party refuses to do so voluntarily.  *See, e.g., High Point Sarl v.*

6

*Sprint Nextel Corp.*, Civil Action No. 09-2269-CM-DJW, 2010 WL 9497168, at *5 (D. Kan. Aug. 18, 2010) (ordering parties to identify no more than 20 claims terms for construction); *Grape Tech. Group, Inc. v. Jingle Networks, Inc.*, Civil Action No. 1:08-cv-408-GMS, D.E. 35 at 1 (D. Del. Oct. 20, 2009) (limiting the number of claim terms for construction to ten per patent); *Hearing Components, Inc. v. Shure, Inc.*, Civil Action No. 9:07CV104, 2008 WL 2485426, at *1 (E.D. Tex. June 13, 2008) (limiting parties to no more than ten claim terms for construction); *IP Cleaning S.P.A v. Annovi Reverberi, S.P.A*, Civil Action No. 1:08-cv-147-bbc, 2006 WL 5925609, at *1 (W.D. Wis. Oct. 26, 2006) (holding that regardless of the number of patents and asserted claims the court would only construe sixteen claim terms). As one court explained, it "would prefer the parties to address such issues among themselves, but when that does not happen, the Court must intervene." *See Fenster Family Patent Holdings, Inc. v. Siemens Med. Solutions USA, Inc.*, Civil Action No. 04-0038 JJF, 2005 WL 2304190, at *3 (D. Del. Sept. 20, 2005) (reducing plaintiff's asserted claims to ten prior to the claim construction hearing).

Rules from other jurisdictions also provide guidance on the appropriate number of terms for purposes of claim construction. For example, in the Northern District of California, Patent Local Rule 4.1(b) instructs the parties to "jointly identify the 10 terms likely to be most significant to resolving the parties' dispute,

including those terms for which construction may be case or claim dispositive."
*See* Patent L.R. 4.1(b) (N.D. Cal.). Likewise, the Northern District of Illinois Local Patent Rules direct the parties to "meet and confer and agree upon no more than ten (10) terms or phrases to submit for construction by the court." *See* Patent L.R. 4.1(b) (N.D. Ill.). Finally, Local Rule 16.6 in the District of Massachusetts, which governs scheduling and procedures in patent infringement cases, includes the suggestion that parties identify no more than ten terms per patent for construction. *See* L.R. 16.6(B)(4)(d) (D. Mass.).

### B. Limiting the Number of Proposed Terms Will Streamline the Claim Construction Process

Briefing 72 terms and asking the Court to construe that many terms is impractical and unduly burdensome. EnTek has provided no basis for the materiality of the additional 50 terms it wants construed and has also refused to reduce the number. (*See* Saporito Decl. at ¶ 3.) In fact, of the 50 additional terms proposed by EnTek, only five of them are mentioned in EnTek's Response to Comverge's Infringement Contentions. Even then, EnTek does not rely on those terms to support its non-infringement positions.[1] Moreover, EnTek has not

---

[1] The five terms mentioned in EnTek's Response to Comverge's Infringement Contentions and also proposed by EnTek for construction are "electrical load control data" and "electrical load data packets" from the '700 Patent and

asserted an invalidity defense, so those terms could not be relevant to any issues of validity, as is common in patent cases. Accordingly, the extra 50 terms proposed by EnTek are not material to this case.

While it is true that every word in a claim has meaning, not every word requires construction. *See Orion IP, LLC v. Staples, Inc*., 406 F. Supp. 2d 717, 738 (E.D. Tex. 2005). The 22 terms agreed upon by the parties are potentially outcome-determinative or at least significant to this dispute. Claim construction is reserved for those terms that might be unfamiliar or confusing to the jury, or which are unclear or ambiguous in light of the specification and patent history. *See United States Surgical Corp. v. Ethicon, Inc.,* 103 F.3d 1554, 1568 (Fed. Cir. 1997).

Accordingly, Comverge seeks to streamline the claim construction process and reduce the burden on the Court and the parties by reducing the terms for construction from 72 to 22. Alternatively, if the Court decides that 22 terms is too few then Comverge requests that the Court construe ten terms per patent for a total of 30 terms, a number that other courts have found reasonable when faced with similar requests to construe an unreasonably large number of claim terms. *See,*

---

"predetermined period," "power reduction factor," and "receiver" from the '639 Patent. (*See* D.E. 33 at 11-28.)

*e.g., Grape Tech. Group, Inc.*, Civil Action No. 1:08-cv-408-GMS, D.E. 35 at 1; *Hearing Components, Inc.*, 2008 WL 2485426, at *1.

## IV.  CONCLUSION

For all the foregoing reasons, Comverge respectfully requests that the Court grant this Motion.

Respectfully submitted this 10th day of October, 2013.

                          Alston & Bird LLP

                          s/  Suzanne Werner
                          A. Shane Nichols
                            (Ga. Bar No. 542654)
                          Holly Hawkins Saporito
                            (Ga. Bar No. 142496)
                          C. Suzanne Werner
                            (Ga. Bar No. 321398)
                          1201 West Peachtree Street
                          Atlanta, GA  30309
                          Telephone: (404) 881-7000
                          Facsimile: (404) 881-7777
                          Email:  shane.nichols@alston.com
                          Email:  holly.saporito@alston.com
                          Email:  suzanne.werner@alston.com

                          **ATTORNEYS FOR PLAINTIFF COMVERGE, INC.**

## **CERTIFICATE OF COMPLAINCE**

Pursuant to Local Rule 7.1(D), counsel hereby certifies that this motion was prepared using Times New Roman 14 point font.

This 10th day of October, 2013.

            s/ Suzanne Werner
            C. Suzanne Werner
             (Ga. Bar No. 321398)
            Alston & Bird LLP
            1201 West Peachtree Street
            Atlanta, GA  30309
            Telephone: (404) 881-7000
            Facsimile: (404) 881-7777
            Email:  suzanne.werner@alston.com

            **ATTORNEY FOR PLAINTIFF**
            **COMVERGE, INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 10, 2013, I electronically filed the above document with the Clerk of Court using CM/ECF which will send electronic notification of such filing to all registered counsel.

> s/ Suzanne Werner
> C. Suzanne Werner
>   (Ga. Bar No. 321398)
> Alston & Bird LLP
> 1201 West Peachtree Street
> Atlanta, GA  30309
> Telephone: (404) 881-7000
> Facsimile: (404) 881-7777
> Email:  suzanne.werner@alston.com
>
> **ATTORNEY FOR PLAINTIFF COMVERGE, INC.**