IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| COMVERGE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 2:13-cv-00026-RWS |
| ENTEK SYSTEMS, LLC, and | ) | |
| ENTEK SYSTEMS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANTS' BRIEF IN RESPONSE TO PLAINTIFF'S EMERGENCY MOTION TO LIMIT CLAIM TERMS AND IN SUPPORT OF DEFENDANTS' MOTION TO LIMIT CLAIMS**

Plaintiff Comverge, Inc. ("Comverge") contends Defendants Entek Systems, LLC and Entek Systems, Inc. ("Entek") are infringing or have infringed three patents relating to energy management. Comverge, without having seen the allegedly infringing devices at all, has asserted no fewer than fifty-eight claims under U.S. Patent No. 5,345,225 which expired in October of 2012, U.S. Patent No. 5,576,700 which expires next month and U.S. Patent No. 7,606,639 which appears to be virtually irrelevant to anything that Entek devices do.

Now, Comverge wants to limit the claim terms that should be construed by the Court. Actually, Comverge should reduce the number of claims at issue first. This, in turn, will reduce the number of claim terms for the Court to construe.

## I. FACTUAL BACKGROUND

### 1. Comverge's Shotgun Approach Of Asserting Fifty-Eight (58) Claims Is The Problem.

All Comverge had at the time of filing suit was a copy of a request for proposal which it <u>assumed</u> Entek had responded to in full, an assumption that was incorrect. See Comverge's response to Entek's first interrogatories, No. 1 and No. 10, attached as Ex. D. Comverge had so little detail about Entek's products that it initially sued Entek concerning a device, the MC140RAC switch, which Entek did not even offer in response to the request for proposal. Eventually, Comverge learned that Entek had supplied a switch known as the FC340S switch. So, Comverge has now shifted its focus to this switch, although, once again, it had not seen it prior to asserting its claim.

Apparently since it had not seen any switch prior to serving its infringement contentions, Comverge alleged infringement of <u>fifty-eight (58) different patent claims</u> against Entek. The fact that Entek has proposed numerous terms for

construction, in addition to the twenty-two (22) claim terms[1] that the parties agree need to be construed, should not be surprising given the large number of claims. This is particularly so since Comverge's allegations of infringement, as noted in their Complaint and Infringement Contentions, remain very vague. Aside from referring to the request for proposal, Comverge has not cited any specific instrumentality in either switch as infringing.

Hence, it would be fairer, and ultimately more efficient, for this Court to require Comverge, once it has actually reviewed the MC140RAC and the FC340S, to reduce the number of claims at issue. This will, correspondingly, reduce the number of claim terms that need construction.

Simply put, the fact that numerous terms were proposed for construction by Entek is not a function of Entek's desire to burden the Court or opposing counsel with unnecessary work. Rather it is a product of the fact that Comverge has asserted fifty-eight (58) patent claims against Entek.[2]

---

[1] The local rules mandate that all means plus function claims must be construed. L.P.R. 6.1 Fifteen (15) of the twenty-two (22) terms that the parties agreed to are terms from such claim terms.

[2] Comverge's contentions that Entek refused to drop any claim terms during the meet-and-confer conference is inaccurate. Entek dropped several terms. Apparently, Holly Hawkins Saporito's Declaration is inaccurate because her memory is faulty.

### A. Before This Court Limits The Number Of Claim Terms To Be Construed, It Should Reduce The Number Of Claims At Issue.

This Court has the inherent authority to limit not only the number of claim terms to be construed, but the number of patent claims that a party may assert. See, e.g. Stamps.com, Inc. v. Endica, Inc., 437 Fed. Appx. 897 (Fed. Cir. 2011); In re Katz Intractive Call Processing Patent Litigation, 639 F.3d, 1303 (Fed. Cir. 2011); Fenster Family Patent Holdings, Inc. v. Siemens Med. Solution, USA, Inc., C.A. No. 04-38JJF, 2005 WL 2304190 at *3 (D. Del. Sept. 20, 2005).

Hence, limiting the number of claim terms to be construed <u>before</u> limiting the number of patent claims at issue would be putting the cart before the horse. A review of cases, several of which were cited by Comverge, reinforces this conclusion. For example, in Fenster Family Patent Holdings, Inc. v. Siemens Med. Solutions USA, Inc., Civil Action No. 04-003JJF, 2005 WL 23304190, 2005 U.S. Dist. LEXIS 20788 (D. Del. Sept. 20, 2005), Fenster asserted ninety (90) patent claims and forty-nine (49) accused products against Siemens. The Court agreed that Fenster's assertion of ninety (90) claims was unreasonable. Hence, the Court limited Fenster to ten claims and five products.

In Hearing Components, Inc. v. Shure, Inc., Civil Action No. 9:07CV104, 2008 WL 2485426, 2008 U.S. LEXIS 109230, the plaintiff asserted three (3)

6046192v1

4

patents and twelve (12) claims. Over twenty (20) claim terms were at issue. The Court ordered the plaintiff to select no more than three (3) representative claims from each patent for claim construction and trial and then ordered the parties to elect no more than ten (10) designated claim terms, for construction. Once again, the Court limited not only the number of claim terms to be construed, it limited the number of claims.

In High Point Sarl v. Sprint Nextel Corp., Civil Action No. 09-2769-CM-DJW, 2010 WL 9497168 (D. Kan. Aug. 18,2010), the plaintiff originally asserted one hundred seventy-eight 178 patent claims in four patents. After some initial discovery, the plaintiff reduced the number of asserted claims to 125. After extensive disclosures and months of discovery, plaintiff still asserted One Hundred Seventeen 117 claims. Ultimately, the Court ordered the plaintiff to identify twenty (20) claims that were "representative of the claims at issue in the litigation." It then directed the parties to identify no more than twenty (20) claim terms for the Court to construe. See also Misino Corp. v. Philips Elec. N. Amer. Corp., C.A. No. 09-80-LPS-MPT (D. Del. Jan. 23, 2013) (Court ordered Plaintiff to reduce its asserted claims from ninety-five (95) (seventeen (17) independent claims) to a total of thirty (30) claims and ordered the parties to identify no more than twenty (20) claim terms for construction.)

This Court should take a similar approach. Now that Comverge has had a chance to review the MC140RAC switch and will soon have had a chance to review the FC340S switch, this Court should order Comverge to assert only patent claims that are representative and are truly at issue.[3] Comverge should then assert those narrowed claims in amended infringement contentions, contentions that, pursuant to Patent L.R. 4.1(b)(2) should detail "each accused apparatus method, composition or other instrumentality" of which it is aware. Entek will respond to these amended contentions.

The parties can then tailor their proposed claim terms to this (hopefully) reduced list. This will focus Comverge's case and Entek's defense.

Entek is aware that this will require the Court to amend the scheduling order in this case. It will delay the progress of the case. Ultimately, however, such a procedure will increase the efficiency of the case.

**B.    In The Alternative The Court Should Reduce The Number Of Terms To Be Construed To Thirty, In Addition To The Means Plus Function Claims.**

In the alternative, Entek is reducing the number of claim terms that it believes need to be construed. In addition to the twenty-two (22) terms that the

---

[3] Any claim narrowing should leave open the possibility of adding additional claims upon a showing of good cause.

6046192v1

6

parties have agreed on, see Ex. A, attached, fifteen (15) of which are means plus function claims and must be construed pursuant to L.P.R. 6.1, Entek proposes that the Court Construe:

(1) Seven (7) terms that Comverge altered during the prosecution of the patents and thus do not have their usual and ordinary meaning, see Ex. B, attached; and

(2) Sixteen (16) terms that were not agreed upon by the parties. See Ex. C, attached.

This amounts to thirty (30) terms in addition to the means plus function claims, or an additional ten (10) terms per patent over and above the means plus function claims.

## II. CONCLUSION

Comverge needs to review the accused devices, and to pare down the number of claims at issue from fifty-eight (58) to a manageable number. This will, in turn reduce the number of claim terms requiring construction. In the alternative, Entek has presented a reduced list of claim terms to be construed that this Court should adopt.

Respectfully Submitted this 28th day of October, 2013.

Arnall Golden Gregory LLP


/s/ Stephen M. Dorvee
Stephen M. Dorvee
Georgia Bar No.  226989
171 17th St., NW, Suite 2100
Atlanta, Georgia 30363
(404) 873-8500
(404) 873-8501 (facsimile)

Attorney for Defendants

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| COMVERGE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 2:13-cv-00026-RWS |
| ENTEK SYSTEMS, LLC, and ) | |
| ENTEK SYSTEMS, INC. ) | |
| ) | |
| Defendant. ) | |

## CERTIFICATE OF SERVICE OF DISCOVERY

This is to certify that I have this day served the foregoing DEFENDANTS' BRIEF IN RESPONSE TO PLAINTIFF'S EMERGENCY MOTION TO LIMIT CLAIM TERMS AND IN SUPPORT OF DEFENDANTS' MOTION TO LIMIT CLAIMS by causing a true and correct copy thereof to be served by U.S. Mail addressed to Comverge, Inc.'s counsel of record as follows:

>A. Shane Nichols
>Holly Hawkins Saporito
>C. Suzanne Werner
>Alston & Bird, LLP
>1201 West Peachtree Street
>Atlanta, GA  30309

6046192v1

This 28th day of October, 2013.

/s/ Stephen M. Dorvee
Stephen M. Dorvee
Georgia Bar No. 22698